UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HENRY ROGERS, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> -against- <br><br> CAPITAL ONE SERVICES, LLC, <br> UNITED RECOVERY SYSTEMS, LP, <br> and CAPITAL ONE BANK (USA), N.A., <br><br> Defendants. | Civil Action No.: 3:10-cv-00398-VLB <br><br><br> CLASS ACTION <br> COMPLAINT <br> JURY DEMANDED |

CLASS ACTION COMPLAINT
FOR VIOLATIONS OF FEDERAL AND STATE
<u>CONSUMER PROTECTION STATUTES</u>

For his Complaint, the Plaintiff, Henry Rogers, by and through his undersigned counsel, pleading in his own behalf and on behalf of all others similarly situated, states as follows:

<u>JURISDICTION</u>

1.  Plaintiff, HENRY ROGERS ("Rogers" or the "Consumer"), files this Class Action Complaint ("Complaint") seeking redress for the unlawful, predatory consumer debt collection practices engaged in by the Defendants, CAPITAL ONE SERVICES, LLC ("Capital One Collections") and UNITED RECOVERY SYSTEMS LP ("United Collections"). Capital One Collections and United Collections, operating in tandem, conduct a debt collection business on behalf of Defendant CAPITAL ONE BANK (USA), N.A. ("Capital One Creditor") in flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331, since the claims alleged against the Defendants arose under the FDCPA.

3. This Court should exercise Supplemental Jurisdiction over the Connecticut State claims asserted herein jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that each of the Defendants resides and transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. Rogers is an individual residing in Mystic, Connecticut.

6. Rogers is a "consumer" within the meaning of Section 803 of the FDCPA 15 U.S.C. § 1692a(3), in that the alleged debts that the Defendants sought to collect from him were originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

7. Capital One Creditor is, upon information and belief, a National Banking Association and wholly owned subsidiary of Capital One Financial Corporation ("COFC") with its principal place of business located at 1680 Capital One Drive, McLean, Virginia. Capital One Creditor maintains offices for the transaction of its business within the State of Connecticut.

8. Capital One Collections is, upon information and belief, a Delaware Limited Liability Company authorized to conduct business in the State of

Connecticut.  Capital One Collections is a subsidiary of Capital One Creditor and maintains offices at 1680 Capital One Drive, McLean, Virginia.  The principal business in which Capital One Collections is engaged is the collection of debts on behalf of Capital One Creditor and other COFC subsidiaries.

9.  United Collections is, upon information and belief, a Texas corporation authorized to conduct business in the State of Connecticut.  United Collections maintains offices for the conduct of its business at 5800 North Course Drive, Houston, Texas 77072-1613.  United Collections is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As such, the United Collections is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

A.  <u>The Letter</u>

10.  In or around February 2010, Rogers received a letter from Capital One Collections dated February 4, 2010 (the "Letter").  A copy of the Letter is annexed hereto and made a part of this Complaint as <u>Exhibit A</u>.  The 2-page Letter is printed on 8½ x 11 paper and contains the following text:

3

> **CapitalOne**
>
> *Rec 2-11-10 at 5:05*
>
> **Pay Over Time**
> **0% APR**
> Call 1-800-258-9319 now.
>
> HENRY A ROGERS
> TRLR 12
> 268 FLANDERS RD
> MYSTIC, CT 06355-1513
>
> 1019
>
> 04 February, 2010
>
> RE: Account 4121741455817127
> Creditor: Capital One Bank (USA), N.A.
>
> Dear HENRY A ROGERS,
>
> We realize circumstances can sometimes make it difficult to manage your finances. The good news is - there is a way to pay it off.
>
> Your account is eligible to have the Annual Percentage Rate ("APR") reduced to 0% provided you call 1-800-258-9319 to make arrangements for an acceptable repayment plan. After you have made acceptable arrangements, your APR will be reduced to 0% within 8 days.
>
> All other terms of your Account remain the same. If you fail to make the payments you agree to or if any payments are not honored, then your APR will return to 19.90%. This includes pending payments submitted prior to enrollment in the program.
>
> **Please make sure to include your full 16-digit Account number on your payments to ensure proper handling.** If your account is being serviced with one of our external agencies, they will be able to assist you and will notify us when you have made acceptable arrangement with them.
>
> Sincerely,
>
> Capital One Services, LLC
>
> P.S. Call today at 1-800-258-9319 to make payment arrangements and start to resolve your debt. Please be sure to have your Account number ready when you call.
>
> NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

11.     The "important information" on the reverse side of the Letter includes the following items numbered "1" and "2":

4

1. **Who We Are and Who We Service.** Capital One Services, LLC is a subsidiary of Capital One, National Association, and services the following Capital One affiliated companies:

    • Capital One Bank (USA), National Association;

    • Capital One, National Association; and

    • Capital One Auto Finance, Inc.

    The name of your creditor has been previously disclosed to you and is identified for purposes of this letter by the creditor name and/or your Account number on the front. Unless another servicer is disclosed in this letter or has been separately disclosed to you as the current servicer of your Account, we are the current servicer of your Account.

2. **State and Local Disclosures.** The following disclosure is required by state or local law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s), and you receive this letter in Connecticut, the District of Columbia, Iowa, New York City, North Carolina or Vermont:

    This is an attempt to collect a (consumer) debt (claim). Any information obtained will be used for that purpose.

    The following disclosure is required by state law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Iowa:

    This communication is from a debt collector.

    The following disclosure is required by state law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Massachusetts:

    NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

    The terms used in this Section are defined by applicable state or local law. This is not a complete list of the rights that you might have.

**12.** The Letter was the first written communication transmitted to Rogers and received by Rogers in which any "debt" was noted with reference to Rogers' account with Capital One Creditor.

**13.** Telephone calls to the toll-free number provided in the Letter are redirected to United Collections. Therefore, a consumer who believes he is calling his bank is instead routed to United Collections' telephone operators.

**B.** **The Letter Deceives and Misleads Consumers**

**14.** Upon information and belief, the Letter is an example of a form letter, substantially similar to thousands of letters sent to consumers across the country.

5

15.     The Letter omits any mention of the consumer's right, under Federal law, to dispute the debt or to obtain verification of the debt.

16.     The Letter misleads the consumer by creating the false impression that it is transmitted by Capital One Creditor.  In fact, the Letter is transmitted by Capital One Collections, on its own behalf and on behalf of United Collections.

17.     The Letter does not effectively communicate that it is transmitted by a "debt collector."

18.     The Letter seeks to entice Rogers to contact Capital One Collections and United Collections by offering an Annual Percentage Rate ("APR") of 0% on his debt if he makes an acceptable repayment plan and threatening that his APR will "return to 19.90%" on the entire debt if that agreement is not honored.

## CLASS ACTION ALLEGATIONS

A. The Class

19.     Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

20.     The proposed class (the "Class") is defined as follows:

All consumers to whom a letter in the form of the Letter was sent by the Defendants into the State of Connecticut within one year prior to the filing of this action and which was not returned as undeliverable.

B.     Numerosity

21.     The Letters are mass-mailed form letters.  Therefore, the members of the Class are believed to be so numerous that joinder of all members is impractical.

22.     Upon information and belief, Capital One Collections transmits thousands of similar Letters to consumers whose accounts with Capital One

Creditor are past due.  In each instance, telephone responses from unsuspecting consumers are automatically routed to United Collections.

23.    The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from the Defendants' records.

24.    Plaintiff reasonably believes that there are thousands of consumers who are members of the Class.

C.    <u>Common Questions of Law and Fact</u>

25.    There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

26.    The questions of law and fact common to the Class concern whether the Defendants' practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates Sections 807, 808 and 809 of the FDCPA.

27.    The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

    a. Did the defendants violate 15 U.S.C. §1692e (2) by engaging in the deceptive practice of falsely representing the character, amount or legal status of any debt?

    b. Did the Defendants violate 15 U.S.C. §1692e(10) by engaging in the deceptive practice of using false representations and

       deceptive conduct to collect consumer debts or obtain information concerning a consumer?

   c. Did the defendants violate 15 U.S.C. §1692e(11) by failing to effectively disclose in the initial communication with the Consumer that the Letter is from a debt collector?

   d. Did the Defendants violate 15 U.S.C. §1692e(14) by using a business, company, or organization name other than the true name of the debt collectors' business, company, or organization.

   e. Did the Defendants violate 15 U.S.C. §1692g(a) by failing to effectively notify the consumer of his or her right to dispute the debt?

   f. Did the Defendants violate 15 U.S.C. §1692g(a) by failing to effectively notify the consumer of his or her right to obtain verification of the debt?

   g. Does the Letter violate the FDCPA as seen from the perspective of the "least sophisticated" consumer?

D. **Typicality**

    28. Plaintiff's claims are typical of the claims of the Class members since each of the claims arises from receipt of a letter substantially similar to the Letter.

E. **Protecting the Interests of the Class Members**

    29. Plaintiff will fairly and adequately represent the Class members' interests, all of whom are victims of the Defendants' unlawful and wrongful conduct.

30. All of the Class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

31. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

F. <u>Proceeding Via Class Action is Superior and Advisable</u>

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

33. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

34. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

35. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

36. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants and other Debt Collectors.

Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

37. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I

### Violations of FDCPA
### Section 807(2), 15 U.S.C. § 1692e (2) by
### Falsely Representing the Character, Amount or Legal Status of any Debt

38. Each and every allegation contained in paragraphs 1 through 37 of this Complaint is repeated, realleged and incorporated herein by reference.

39. FDCPA Section 807(2), 15 U.S.C. §1692e(2) provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
> ****
> (2) The false representation of – (A) the character, amount, or legal status of any debt…

40. Through the Letter, the defendants falsely represented that the alleged debt remained in the hands of Capital One Creditor when, in fact, it was transferred to Capital One Collections and United Collections, i.e. debt collectors, for handling.

41. Upon information and belief the Defendants routinely cause communications to be transmitted to Consumers in the form of the Letter which, among other things, communicate misleading information of the type contained in the Letter.

42.     By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT II

### Violations of FDCPA
### Section 807(10), 15 U.S.C. §1692e (10) by
### Use of Deception to Collect a Debt

43.     Each and every allegation contained in paragraphs 1 through 42 of this Complaint is repeated, realleged and incorporated herein by reference.

44.     49. FDCPA Section 807(10), 15 U.S.C. 1692e(10), provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
>
> ****
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45.     The acts and practices complained in this Complaint constitute the use of false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. §1692e(10).

46.     By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

<u>COUNT III</u>

Violations of FDCPA
Section 807(11), 15 U.S.C. §1692e(11) by
<u>Failing to Identify Communications as an Attempt to Collect a Debt</u>

47. Each and every allegation contained in paragraphs 1 through 46 of this Complaint is repeated, realleged and incorporated herein by reference.

48. FDCPA Section 807(11), 15 U.S.C. 1692e(11), provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
> ****
> (11) The failure to disclose in the initial written communication with the consumer… that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose…

49. The disclosure required by 15 U.S.C. 1692e(11) was not provided.

50. The Defendants did not identify the Letter as a communication from a debt collector in any meaningful manner. The identification was situated on the reverse side of the letter in and amongst other notices.

51. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

<u>COUNT IV</u>

Violations of FDCPA
Section 807(14), 15 U.S.C. §1692e(14) by
Using a Business, Company, or Organization name other than the
<u>True Name of the Debt Collector's Business, Company, or Organization</u>

52. Each and every allegation contained in paragraphs 1 through 51 of this Complaint is repeated, realleged and incorporated herein by reference.

12

53. FDCPA Section 807(14), 15 U.S.C. 1692e(14), provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
>
> ****
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

54. Defendants' use of the name "Capital One" in place and instead of the names of United Collections and Capital One Collections, and Defendants' failure to identify United Collections as having a connection to the Letter, constitute violations of 15 U.S.C. 1692e(14).

55. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT VI

### Violations of FDCPA
### Section 808, 15 U.S.C. 1692f by
### Use of Unfair or Unconscionable Means To Collect a Debt

56. Each and every allegation contained in paragraphs 1 through 55 of this Complaint is repeated, realleged and incorporated herein by reference.

57. FDCPA Section 808, 15 U.S.C. § 1692f, provides in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

58. The acts and practices complained of herein constitute the use of unfair and unconscionable means to collect or attempt to collect a debt.

59. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

13

## COUNT VI

### Violations of FDCPA
### Section 809(a), 15 U.S.C. § 1692g(a) by
### Failing to Provide a Debt Validation Notice

60.     Each and every allegation contained in paragraphs 1 through 59 of this Complaint is repeated, realleged and incorporated herein by reference.

61.     FDCPA Section 809(a), 15 U.S.C. § 1692g(a), requires that the following "validation notice" be communicated to consumers by debt collectors:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

62.     The Letter did not contain the required validation notice.

63.     By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT V

**Violations of Connecticut Unfair Trade Practices Act
Conn. Gen. Stat. § 42-110a by
Engaging in Unfair and Deceptive
<u>Acts and Practices</u>**

64. Each and every allegation contained in paragraphs 1 through 63 of this Complaint is repeated, realleged and incorporated herein by reference.

65. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

66. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

67. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT VI

**Common Law Fraud**

68. Each and every allegation contained in paragraphs 1 through 67 of this Complaint is repeated, realleged and incorporated herein by reference.

69. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Connecticut.

70. The Plaintiffs have suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

71.   All of the Defendants' acts complained of herein were committed with malice, intent, wantonness, and recklessness, and are characterized by reckless disregard for Plaintiffs' rights.

72.   Accordingly, Defendants are subject to punitive damages.

## DEMAND FOR RELIEF

WHEREFORE, Rogers asks that this Court enter judgment in his favor and in favor of the members of the Class and against the defendants, jointly and severally, as follows:

A)   Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

B)   Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692j (b);

C)   Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(a)(3);

D)   Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

E)   Awarding punitive damages as redress for Defendants' fraud under the laws of the State of Connecticut;

F)   Declaring that the Letter violates the FDCPA;

G)   Declaring that the Letter violates the Connecticut Unfair Trade Practices Act; and

H)      Granting such other and further relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated: May 6, 2010
Stamford, CT

LEMBERG & ASSOCIATES L.L.C.
*Attorneys for Plaintiff*

By: _____
Sergei Lemberg, Esq.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
slemberg@lemberglaw.com